

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00337-CR

_____

LINDA FRANCIES THOMAS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR11135

Before Bassel, Kerr, and Pittman, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Linda Francies Thomas appeals from the trial court's judgment revoking her community supervision, adjudicating her guilt for theft over $1,500 but under $20,000, and sentencing her to twenty-four months' confinement in state jail. We modify the judgment to delete $15 of the total costs assessed because the amount represents a filing fee that is not a statutorily authorized cost, and we affirm the judgment as modified.

A grand jury indicted Thomas for the offense of theft over $1,500 but under $20,000 committed on or about March 23, 2008. *See* Act of May 15, 2007, 80th Leg., R.S., ch. 304 § 1, 2007 Tex. Gen. Laws 305 (amended 2015) (current version at Tex. Penal Code Ann. § 31.03(e)(4)(A) (West Supp. 2018)). Under the terms of a plea-bargain agreement, Thomas pleaded guilty to the offense, and the trial court deferred adjudicating her guilt and placed her on community supervision for five years. The trial court also imposed a nonsuspended $1,000 fine and restitution in the amount of $2,588.73, which were terms of the plea-bargain agreement.

During the period of Thomas's community supervision, the State filed a first amended motion to proceed with an adjudication of guilt. The State alleged that Thomas had violated seven conditions of her community supervision: (A) committed a new offense, (B) failed to report by mail to the Hood County supervision office for twenty-two months, (C) failed to report in person to the Tarrant County supervision office for one month, (D) failed to pay the monthly amount toward restitution for

2

eleven months, (E) failed to pay the monthly amount toward the fine and court costs for twenty-six months, (F) failed to pay the one-time Crime Stopper's fee, and (G) failed to pay the monthly supervision fee for thirty months. Thomas pleaded "true" to allegations (B) through (G). The trial court heard evidence regarding the State's violation allegations, found allegations (B) through (G) to be true, and adjudicated Thomas guilty of the underlying offense. The trial court revoked Thomas's community supervision, sentenced her to twenty-four months' confinement in state jail, and ordered her to pay restitution "as previously requested."

Thomas's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Thomas of the motion to withdraw, provided her a copy of the brief, informed her of her right to file a pro se response, informed her of her pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Thomas's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Thomas the opportunity to file a response on her own behalf, but she did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is

frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. Our independent review of the record revealed that the bill of costs includes a $15 filing fee for the State's motion to proceed to an adjudication of guilt. Although there is statutory authority for requiring the opposing party to pay the entire amount of any filing fee attributable to the State when the State prevails in a civil lawsuit,[1] we have not found a corresponding criminal statute. District clerks do not have discretion to impose any fees not authorized by statute. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (stating that "[o]nly statutorily authorized costs may be assessed against a criminal defendant"). We therefore modify the judgment to delete $15 from the total costs assessed, leaving total costs of $457. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.); *see also Diaz v. State*, No. 10-16-00218-CR, 2017 WL 4413436, at *4 (Tex. App.—Waco Oct. 4, 2017, no pet.) (mem. op., not designated for publication) (deleting criminal filing fee because there was no statutory basis for the fee). We likewise modify the bill of costs and the order to withdraw funds to delete $15, reducing the total court costs, fees, and restitution to $2,348.62.

---

[1] *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 8.02 (West 2017).

Except for the error corrected by the modification described above, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm as modified the trial court's judgment and the order to withdraw funds incorporated into the judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 10, 2019